them in plaintiff's garden or oat field, or unless it appeared that the cattle strayed to those places through some fault of plaintiff. No such proof was produced by the defendants.    On the evidence, we think plaintiff was entitled to judgment.

Again, on the trial, the following questions were asked defendant Parker, as a witness, and he was allowed to give the following answers, viz.:

"Q. Did you consider your cows in plaintiff's care so long as you rented pasture from him? (Objected to as improper and immaterial, and not within the issues raised by the answer.  Objection overruled.)  A. Yes, sir.  Q. And for that reason you say that these cattle did not commit any trespass on plaintiff's land?  (Same objection.  Same ruling.)  A. Yes, sir."

We think that this evidence was improperly received.    The objections thereto of plaintiff should have been sustained.    This evidence may have affected the verdict of the jury.    Our conclusion is that the judgment of the county court should be affirmed, with costs.    All concur.

---

PEOPLE ex rel. URQUHART v. BOARD OF COM'RS OF TAXES AND ASSESSMENTS.

(Supreme Court, Special Term, New York County.  July 31, 1893.)

1. TAXATION—CERTIORARI TO REVIEW ASSESSMENT.
    Under Laws 1880, c. 269, providing that certiorari to review a tax assessment must be returned in 10 days, the writ will be dismissed where it is made returnable in less than 10 days, unless such provision has been waived.

2. SAME—RETURN—SPECIAL TERM OR CHAMBERS.
    It is the practice to make such writ returnable at a regular special term, and not at chambers.[1]

At chambers.    Application by James B. Urquhart for writ of certiorari, under Laws 1880, c. 269, to review an assessment made by the board of commissioners of taxes and assessments of the city of New York.    Dismissed.

On June 10, 1893, petitioner obtained an order from Judge Truax directing the issuance of the writ, returnable at special term to be held at chambers on July 17th.  On that day no return was made to the writ, and the corporation counsel raised the objection that the writ could not be made returnable at chambers, but only at a regular special term of the supreme court, and that it was made returnable in less than 10 days, as provided by the act of 1880.

Wise & Flannagan, (Dallas Flannagan, of counsel,) for relator.
William H. Clark, (James M. Ward, of counsel,) for respondent.

O'BRIEN, J.    The statute requires a return to be made in ten days, and, as it was shortened to seven by this relator, the objection, which has not been waived, is good.    Besides, this proceeding should be made returnable at a regular special term.

[1] The judge sitting at chambers has the power and right to entertain certiorari proceedings to review a tax assessment, but, owing to the number of motions made at chambers, it has been deemed advisable that deliberate proceedings, such as certiorari, should be heard at a regular special term.